IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

-------------------------------------------------

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

CHARLES DIXON,

Defendant.

-------------------------------------------------

: CASE NO.  1:12 CR 00069
:
:
: **MEMORANDUM AND ORDER**
: **DENYING THE DEFENDANT'S**
: **MOTION TO SUPPRESS**
:
:
:
:
:

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is the Defendant Charles Dixon's motion to suppress evidence with a request for an evidentiary hearing. The government has filed a response in opposition. For the reasons that follow, the Court will deny the defendant's motion.

### I. Background

Around 5:00 p.m., on 12 January 2012, Cleveland police officers were patrolling the 9300 Wade Park area on a report of suspected drug activity. The officers noticed a 1998 Chevy Malibu, whose driver appeared to notice them. The car drove off, they followed, and the officers observed the driver moving both his arms near the center console. At Crawford and E. 94th, the vehicle changed lanes without a turn signal and nearly caused an accident with an oncoming car.

The officers activated the lights and siren and stopped the vehicle at 1443 E. 94th Street. They approached the driver, later identified as the defendant, and detected the odor of marijuana coming from the vehicle. The officers observed marijuana "shake" on the defendant's lap, an open bottle of Absolut vodka in the cup holder, and a scale in the passenger door compartment. Officers told the defendant to turn off the ignition and place his hands on the steering wheel. He first placed his hand on the center console and then did as instructed. Officers asked for his driver's license and he indicated that it was in his back pocket. He appeared nervous, and, again, placed his hand on the console. He then reached for his back pocket.  Based on his repeated movements toward the console, the officers instructed him to exit the vehicle, and they patted him down.

The officers searched the car and uncovered a loaded .22 caliber revolver in the center console, several baggies of marijuana, and a suspected ecstasy pill. They found $730 on the defendant. He was arrested and issued two citations: one for changing course, and another for possessing an open container. He later pleaded no contest to these charges and was found guilty of both.

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") conducted its own investigation. On 7 February 2012, the United States of America filed a one-count indictment charging Mr. Dixon as a felon in possession. Mr. Dixon now asks for an evidentiary hearing and an order from the Court suppressing the evidence obtained during the above-described search.

2

## II. Law and Argument

Mr. Dixon does not challenge the facts as stated above, but he does note a number of discrepancies contained in written materials obtained in discovery, which he claims bear on the credibility of the officers, and he contends that based on these discrepancies, he is entitled to an evidentiary hearing. Specifically, he notes that the ATF report indicates that he did not have a valid driver's license. This contradicts information provided by the police, which shows that he did have a valid license, because this information was recorded on the change of course citation. To further cast doubt on the officers' credibility, at least in his view, the citation also indicates that he did not have proof of financial responsibility, but the police report contains no allegation that he did not have insurance or failed to provide proof thereof. He maintains that he did in fact have insurance, offering a rental car contract as proof. On these grounds, Mr. Dixon maintains that the officers are not credible and that the Court should hold a hearing.

This argument is meritless. In the court's view, neither "discrepancy" noted by the defendant casts doubt on the credibility of the officers, such that a hearing is necessary. A district court is required to hold an evidentiary hearing when the defendant has set forth contested issues of fact that bear upon the legality of the search. See United States v. Black, 181 F.3d 104, 1999 WL 357759, at *3 (6th Cir. May 11, 1999) (unpublished). "[A] defendant must make some initial showing of contested facts to be entitled to such a hearing." United States v. Giacalone, 853 F.2d 470, 483 (6th Cir. 1988). The defendant falls short in this instance, because he challenges none of the material facts of this case. Whether the defendant had a driver's license or not or

3

whether he had insurance or not is irrelevant to the questions of reasonable suspicion and probable cause. And the same is true as to whether the ATF or the police believed and represented either to be the case or not. Therefore, because he has not made an adequate initial showing, Mr. Dixon's request for an evidentiary hearing is denied.

Mr. Dixon's contention that the evidence should be suppressed is also without merit, because he has not identified how exactly the stop and seizure violated the Fourth Amendment. He lays out the proper legal framework for analyzing the issue but offers no argument as to how his rights were violated. In the Court's view, without some challenge to the facts as presented, there is no legal basis for suppressing the evidence.

Officers observed Mr. Dixon commit a traffic violation, which gave them probable cause to traffic stop him. United States v. Smith, 601 F.3d 530, 542 (6th Cir. 2010). When they approached his car, they smelled the odor of marijuana and observed an open bottle of vodka, marijuana, and a scale in plain view. This likely gave them probable cause to arrest and certainly probable cause to believe that the car contained evidence of a crime. See Illinois v. Gates, 462 U.S. 213, 230-31 (1983). Moreover, the officers noted Mr. Dixon's repeated movements toward the center console and his nervous behavior. See Illinois v. Wardlow, 528 U.S. 119, 122, 124 (2000). Taken together, these facts provided cause to search the car. The police were further authorized to conduct an inventory search of his car in the course of impoundment. See Florida v. Wells, 495 U.S. 1, 4-5 (1990). Because Mr. Dixon offers no meaningful challenge to this plainly lawful search and seizure, his motion will be denied.

4

### III. Conclusion

For the reasons stated above, the defendant's motion to suppress is denied.

IT IS SO ORDERED.

_____/s/Lesley Wells_____
UNITED STATES DISTRICT JUDGE

Date:__17 December 2012__