IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO. 1:12 CR 00069
UNITED STATES OF AMERICA, :
:
Plaintiff, : <u>MEMORANDUM AND ORDER</u>
: <u>DENYING THE DEFENDANT'S</u>
-vs- : <u>MOTION TO RECONSIDER</u>
:
:
CHARLES DIXON, :
Defendant. :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     This matter comes before the Court on defendant Charles Dixon's motion to reconsider this Court's prior order denying his motion to suppress. The defendant also requests an evidentiary hearing. The United States of America has responded in opposition, and the defendant has replied. For the reasons that follow, the motion to reconsider and the request for a hearing are denied.

     **I. Background**

     The relevant facts are summarized as follows. On 12 January 2012, Cleveland police officers conducted a traffic stop after observing a vehicle change lanes without a turn signal. They approached the driver, later identified as the defendant, and detected the odor of marijuana coming from the vehicle. The officers observed marijuana "shake"

on the defendant's lap, an open bottle of vodka in the cup holder, and a scale in the passenger door compartment.

The officers told the defendant to turn off the ignition and place his hands on the steering wheel. He first placed his hand on the center console and then did as instructed. The officers asked for his driver's license, and he indicated that it was in his back pocket. He appeared nervous, and, again, placed his hand on the console. He then reached for his back pocket. Based on his repeated movements toward the console, the officers instructed him to exit the vehicle, and they patted him down.

The officers searched the car and uncovered a loaded .22 caliber revolver in the center console, several baggies of marijuana, and a suspected ecstasy pill. They found $730 on the defendant. He was arrested and issued two citations: one for changing course, and another for possessing an open container. He later pleaded no contest to these charges and was found guilty of both.

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") conducted an investigation. On 7 February 2012, the United States of America filed a one-count indictment charging Mr. Dixon as a felon in possession. Mr. Dixon filed a motion to suppress, arguing that the stop and search violated his Fourth Amendment rights. The motion was denied. It was the Court's opinion that the stop was justified because Mr. Dixon committed a traffic violation. The search was justified because the car smelled of marijuana, and because the officers observed marijuana on the defendant's lap, an open container in the center console, and a scale in the passenger door compartment, all in plain view. It was also noted that the defendant was nervous and motioning suspiciously near the center console. The Court further held that Mr. Dixon failed to

2

dispute any of the relevant facts, making a hearing unnecessary.

The defendant now requests that the Court reconsider its prior order denying his motion. He submits a number of exhibits, which he maintains call into question the legality of the stop and the search. First, the defendant asks the Court to review a variety of photographs, including a Google Maps image of the area where events in question occurred; a number of photos of the car the defendant was driving; and photos taken along the route on which the defendant was traveling before he was traffic stopped. (Exhibits A, A-1, B, C, D, E, F, H, I, J).

The defendant also provides photos of his vehicle, inside and out, which he argues demonstrate a factual dispute as to whether officers were able to see into the vehicle, and, particularly, whether the scale was observable in plain view. (Exhibits M, N, O, P, Q).

He includes a number of documents indicating that at the time of the traffic stop he had a valid driver's license and insurance, contrary to a report authored by the ATF agent investigating his case. (Exhibits X, R, S, T, U-1, U-2, U-3)

The defendant refers to a "911 CD" and transcript which he maintains establish a timeline that is inconsistent with that provided by the government. (Exhibit AA).

The defendant also cites to an investigator's report of an interview with Marquetta Scott who was allegedly present during the police encounter. According to the report, Ms. Scott spoke with the defendant for 3-4 minutes, while the police were parked 2-3 spaces behind the defendant's vehicle. Ms. Scott reported that the overhead lights were not activated. Ms. Scott also reported that "there was no smell of marijuana as she was talking with the defendant," and that "[s]he did not see any open container." (Exhibit K).

3

The defendant also cites to report of an interview with Quiana Smith, who was allegedly sitting in a parked car near the defendants car for approximately 5 minutes preceding the police encounter. Ms. Smith reported that she observed the police vehicle pull up behind the defendant's car, at which point the officers activated the overhead lights. (Exhibit V).

**II. Law and Argument**

The decision to reopen a suppression hearing is left to the sound discretion of the court. United States v. Carter, 374 F.3d 399, 405 (6th Cir.2004), vacated on other grounds, Carter v. United States, 543 U.S. 1111 (2005). Generally, a court should be reluctant to reopen a case, and that principle has been applied to suppression hearings. See United States v. Blankenship, 775 F.2d 735, 740 (6th Cir.1985); United States v. Kithcart, 218 F.3d 213, 219-20 (3rd Cir.2000). Carter and Blankenship instruct the court to consider several factors in deciding whether or not to grant a motion to reconsider. First, the party seeking to reopen must provide a reasonable explanation for failing to present the evidence initially. Carter, 374 F.3d at 405. Then the timeliness of the motion, the character of the testimony, the effect of granting the motion, and whether the opposing party will be prejudiced by reopening the hearing should be considered. Blankenship, 775 F.2d at 741.

The defendant states that he did not initially present the newly submitted exhibits, because of a disagreement with his prior counsel, who decided not to include the exhibits in the initial motion. After the motion was denied, the defendant's relationship with his lawyer deteriorated. The defendant informed the Court at that time that he intended on filing suit against his lawyer and the Federal Defenders. The Court held a

4

hearing and released prior counsel from further representation of the defendant. New counsel has since been appointed.

The Court will accept for the sake of argument that the rift between the defendant and prior counsel provides a reasonable explanation for the defendant's failure to submit the instant exhibits initially. However, upon review of the submitted documents, it is the Court's opinion that the motion for reconsideration must be denied. First, the defendant has not raised an issue of material fact that would necessitate an evidentiary hearing. Further, the newly submitted exhibits do not bear on the constitutionality of the stop and search, and the Court will accordingly stand by its initial order denying the motion to suppress.

In its previous order, this Court concluded that the defendant's commission of a traffic violation provided adequate cause for the initial stop. In his request for reconsideration, the defendant refers to a number of inconsistencies in the circumstances leading up to the stop. There are questions as to exactly when, or if, the police activated the overhead lights, and as to where the police were parked during the stop. The defendant again highlights the fact that contrary to an ATF report, he, in fact, had a valid driver's license and insurance. He further notes that the "911 CD" fails to reveal any of the facts upon which the government relies to justify the stop and search.

Upon due consideration of the newly submitted exhibits, it is the Court's view that these apparent discrepancies do not present an attack on the basis of the stop, as it remains undisputed that the defendant committed a traffic violation and that the police stopped him on that basis.  Whether the overhead lights were activated or not, whether the defendant did or did not have a license and insurance, and the question as to where

5

the police were parked are not issues material to the constitutionality of the stop and search. Further, the defendant cites no authority holding that an officer's reasons for stopping and searching a suspect are somehow made questionable because those reasons were not stated in a 911 transcript. "[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." United States v. Ferguson, 8 F.3d 385, 391 (6th Cir. 1993). In this instance, none of the newly submitted exhibits challenge the Court's initial conclusion that a traffic violation occurred and that the police had probable cause to stop the defendant.

The Court previously held that the search of the car was justified because the car smelled of marijuana and because the police observed marijuana on the defendant's lap, an open container of vodka in the cup holder, and a scale in the passenger door compartment, all in plain view. The defendant's new exhibits purport to challenge this conclusion, by questioning whether the car smelled of marijuana and whether the open container and scale were observable in plain view. However, the defendant does not challenge the government's assertion that the police observed marijuana on the defendant's lap in plain view. As a consequence, even if the defendant could credibly establish the facts in his favor, he has failed to dispute a fact, which, by itself, provided probable cause to search the defendant's vehicle.

"The automobile exception allows officers to search a vehicle without a warrant if they have 'probable cause to believe that the vehicle contains evidence of a crime.'" United States v. Galaviz, 645 F.3d 347, 355 (6th Cir. 2011) (quoting United States v. Smith, 510 F.3d 641, 647 (6th Cir.2007)). In this instance, the officers saw marijuana in

6

the defendant's lap, which gave them probable cause to search the car. See United States v. Burnett, 791 F.2d 64, 67 (6th Cir. 1986) (probable cause to search entire automobile existed when officer observed narcotics in plain view on the floorboard).

**III. Conclusion**

For the reasons stated above, the defendant's motion to reconsider is denied.

IT IS SO ORDERED.

      /s/ Lesley Wells  
UNITED STATES DISTRICT JUDGE

Date: 26 July 2013