PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES DIXON, ) | |
| ) | CASE NOs. 1:14CV00786/1:12CR00069 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION &** |
| Respondent. ) | **ORDER** [Resolving ECF Nos. 1, 55] |

Pending before the Court is *pro se* Petitioner Charles Dixon's motion to correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1 in Civil Case No. 1:14CV00768; ECF No. 55 in Criminal Case No. 1:12CR00069.[1] The Government filed a response. ECF No. 58. Petitioner did not file a reply. For the reasons that follow, the Court denies Petitioner's motion.

### I. Factual and Procedural Background

On February 7, 2012, Petitioner was indicted by a federal grand jury for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. As charged in the indictment, the offense occurred on or about January 12, 2012 ("the federal offense"), and Petitioner's status as a felon resulted from convictions in 2005 and 2006 for drug trafficking and failure to comply with an order or signal of a police officer. ECF No. 1; *see State v. Dixon*, Case No. CR04457949A; *State v. Dixon*, Case No. CR06477999A. At the time of the federal offense,

---

[1] Petitioner's motion resides on both the Court's civil and criminal case dockets. Because all of the filings pertinent to the motion appear in the criminal case (No. 1:12CR00069), the remaining citations to the docket will refer to the criminal case rather than the civil case.

(1:14CV00786/1:12CR00069)

Petitioner was subject to community control sanctions imposed by the Cuyahoga County Common Pleas Court for a 2009 conviction for having weapons while under a disability. ECF No. 58 at 1-2; *see State v. Dixon*, No. CR09526712A. As a result of the federal offense conduct, Petitioner was found to be in breach of the community control sanctions and was incarcerated by the state on January 30, 2012. ECF No. 58 at 2; *see State v. Dixon*, No. CR09526712A. Thereafter, the Government applied for, and received, a writ of habeas corpus to have Petitioner brought from state custody to be arraigned in federal court. Petitioner was arraigned on February 29, 2012.

Petitioner completed his state sentence on July 18, 2012. ECF No. 18-1. Petitioner then moved this Court to revoke the detention order imposed at his federal arraignment.[2] ECF No. 18. The motion was denied. Subsequently, on September 18, 2013, Petitioner pleaded guilty to the federal offense of being a felon in possession of a firearm.[3] At the sentencing hearing, the Court varied downward from the advisory sentencing range of 57 to 71 months of incarceration and imposed a sentence of 40 months of incarceration.[4] ECF No. 57 at 29, 49. Petitioner did not appeal from the judgment of conviction and sentence.

Petitioner now moves to correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 55. He claims that he was denied effective assistance of counsel in violation of the Sixth Amendment

---

[2] It is not clear from the record whether, after the detention order, Petitioner was returned to a state institution or was detained in a federal facility. The Government correctly notes, however, that Petitioner was a state prisoner serving a state sentence and the physical facility in which he was held is not dispositive of his prisoner status. ECF No. 58 at 2 n.2.

[3] Petitioner did not enter into a plea agreement.

[4] The sentence included a three year term of supervised release.

(1:14CV00786/1:12CR00069)

to the United States Constitution. The Government filed a response. ECF No. 58. Petitioner did not file a reply. The motion is ripe for the Court's adjudication.

## II. Legal Principles

A prisoner sentenced by a federal court may move that court to "vacate, set aside or correct the sentence" under 28 U.S.C. § 2255. To succeed on a § 2255 motion, a prisoner in custody must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (internal quotations omitted).

"Claims of ineffective assistance of counsel are properly raised in a section 2255 motion." *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). "To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (*citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984)).

At attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In other words, the defendant must prove that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential" and a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Even if counsel's performance fell below prevailing standards, relief can be granted only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

(1:14CV00786/1:12CR00069)

proceeding would have been different." *Strickland*, 466 U.S. at 694. Unless "both showings" are made, it cannot be said that the sentence "resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. "An error by counsel at sentencing that amounts to any extra jail time is prejudicial under the Sixth Amendment." *McPhearson*, 675 F.3d at 563.

### III. Discussion

Petitioner claims that he was prejudiced by his attorney's deficient performance in the federal criminal proceedings that resulted in his 40 month sentence. In Petitioner's view, his attorney was "ineffective prior to and during sentencing in his failure to secure a full and proper sentencing credit . . . based on time served by the Petitioner in a earlier state court proceeding." ECF No. 55 at 4. Petitioner also contends that his attorney was "ineffective immediately following sentencing in urging the Petitioner to forego filing a timely direct notice of appeal"–an appeal that Petitioner claims should have challenged the Court's "failure to properly calculate and apply a sentencing credit to the Petitioner's federal sentence." ECF No. 55 at 4. Petitioner specifically maintains that he was entitled to–but did not receive due to his counsel's performance–a sentencing credit based on the time he served in state custody from January 12, 2012 (the date of the felon-in-possession offense conduct), to July 18, 2012 (the date Petitioner completed his state sentence for violating community control sanctions).[5] ECF No. 55 at 4. The sentencing credit, goes Petitioner's argument, could have

---

[5] Petitioner also argues that his attorney failed to "have the Petitioner's federal sentence run concurrent[ly] with his time served on his state case . . . ." ECF No. 55 at 4. Petitioner had completed his state sentence, however, at the time he was federally sentenced. This argument, read realistically, is the same as Petitioner's claim that his attorney failed to secure a sentencing credit; both attack counsel's failure to secure a reduction in Petitioner's federal sentence by the period Petitioner was in state custody from January 12, 2012, to July 18, 2012.

(1:14CV00786/1:12CR00069)

been obtained had Petitioner's counsel "argu[ed] in favor of a downward sentencing departure and/or an application of U.S.S.G. § 5K2.23." ECF No. 55 at 4.

> Section 5K2.23 of the United States Sentencing Guidelines provides:
>
> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

As explained in *United States v. Jones*, 445 F.3d 865, 868 (6th Cir. 2006):

> U.S.S.G. § 5G1.3(b) authorizes an adjustment in a defendant's sentence and the concurrent running of sentences where the defendant is currently serving a sentence that 'resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments).'

Section 5G1.3(b) would have applied only if Petitioner's state and federal sentences were related. They were not. Petitioner's possession of a firearm on January 12, 2012, caused him to violate 18 U.S.C. § 922(g)(1) due to his felony convictions in 2005 and 2006 for drug trafficking and failure to comply with an order or signal of a police officer. The firearm possession simultaneously caused Petitioner to breach the community control sanctions imposed by the state court for an *unrelated* act–the conduct resulting in the 2009 conviction for having weapons while under a disability.

Subsection (c) of U.S.S.G. § 5G1.3 makes plain that a downward departure would have been improper. That subsection provides: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a

(1:14CV00786/1:12CR00069)

reasonable punishment for the instant offense." Application note 3(C) to U.S.S.G. § 5G1.3 states in relevant part that §5G1.3(c) "applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked." In such circumstances, "the Commission recommends that the sentence for the instant offense be imposed *consecutively* to the sentence imposed for the revocation." U.S.S.G. § 5G1.3, application note 3(C) (emphasis added). In the present case, Petitioner's federal offense triggered the imposition of a state sentence based on the revocation of his state probation. Pursuant to the sentencing guidelines, it would have been improper for the Court to depart downward in order to "credit" Petitioner for the time he served in state custody.

Because Petitioner was not entitled to a downward departure for the time he served in state custody from January 12, 2012, to July 18, 2012, his attorney was not constitutionally ineffective in failing to secure a "sentencing credit" for that period of incarceration, and Petitioner was not prejudiced by the denial of a credit that he was not entitled to receive. The Court notes that the attorney was, in fact, an effective advocate for Petitioner: the Court varied downward from the advisory sentencing range of 57 to 71 months of incarceration and imposed a significantly lower sentence of 40 months based in significant part on counsel's performance.

Furthermore, counsel for Petitioner *did* request that the Court credit Petitioner for all of the time Petitioner had already served in custody leading up to his federal sentencing hearing. ECF No. 48 at 5. Based on the request, the Court agreed to recommend to the Bureau of Prisons to credit Petitioner "for all time served" starting from the date he was arrested on January 12, 2012. ECF No. 57 at 47-48. The responsibility for computing and awarding jail time credit under 18 U.S.C. §

6

(1:14CV00786/1:12CR00069)

3585(b) for "time . . . spent in official detention prior to the date the sentence commences" lies with the Bureau of Prisons, not the Court. *United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("§ 3585(b) does not authorize a district court to compute the credit at sentencing"). That the Bureau of Prisons has not accepted the Court's recommendation does not imply that counsel's performance fell below constitutional standards of reasonableness.

## IV. <u>Conclusion</u>

Based on the above, Petitioner was not denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The § 2255 motion is denied.

IT IS SO ORDERED.

| | |
|---|---|
|    July 31, 2014 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |